**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| CHRISTINA ANDERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:21-CV-131 SRW |
| ) | |
| KILOLO KIJAKAZI, ) | |
| Commissioner of Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Christina Anderson's Petition for Award of Attorney Fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. ECF No. 26. On November 1, 2021, this Court reversed the Commissioner's decision and remanded Plaintiff's case for further proceedings. Plaintiff now seeks attorney fees in the amount of Six Thousand Eight Hundred and Eighty-Three Dollars and Fifty-Five Cents ($6,883.55). This amount is based on multiplying 31 hours of attorney time by a rate of $222.05 per hour. Plaintiff requests compensation at the statutory hourly rate of $125.00 plus a cost-of-living adjustment, pursuant to 28 U.S.C. § 2412(d), for a total hourly fee of $222.05. Plaintiff requests that the award of attorney fees be made payable to her attorney, David D. Camp, based upon the Assignment of Federal Court EAJA Attorney Fee agreement signed by Plaintiff, *see* ECF No. 26-3, or be made payable to Plaintiff but mailed to her attorney.

The Commissioner filed a response which states he has no objection to Plaintiff's request for attorney fees under the EAJA in the amount of $6,883.55 to be paid by the Social Security Administration. ECF No. 27. The Commissioner, however, asserts "the EAJA fee is payable to

Plaintiff as the litigant and may be subject to offset to satisfy a pre-existing debt that the litigant owes to the United States." *Id*.

The Court has reviewed Plaintiff's Petition for Award of Attorney Fees pursuant to the EAJA and concludes the statutory requirements are met. By Order and Judgment of Remand dated November 1, 2021, the Court remanded this case to defendant Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). ECF No. 25. A claimant seeking judicial review of a final decision denying Social Security disability benefits may recover attorney's fees if he or she receives a "sentence four" remand. *See Shalala v. Schaefer*, 509 U.S. 292, 295-96 (1993).

Attorney's fees may not be awarded in excess of $125.00 per hour – the maximum statutory rate under § 2412(d)(2)(A) – unless the Court finds that an increase in the cost of living or a special factor such as the limited availability of qualified attorneys justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). The decision to increase the hourly rate is not automatic and remains at the discretion of the district court. *McNulty v. Sullivan*, 886 F.2d 1074 (8th Cir. 1989). The hourly rate should be increased, however, where there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than [$125] per hour," such as the Consumer Price Index. *Johnson v. Sullivan*, 919 F.2d 503, 504, 505 (8th Cir. 1990). In this case, Plaintiff has presented uncontested evidence of an increase in the cost of living. ECF No. 26-4. The Court agrees with Plaintiff that a cost-of-living increase is appropriate as requested.

As Plaintiff prevailed and is not otherwise precluded from receiving attorney fees, the Court finds she is entitled to attorney fees in the amount of Six Thousand Eight Hundred and Eighty-Three Dollars and Fifty-Five Cents ($6,883.55). Despite Plaintiff's request for the Court

2

to make the fee payable directly to Plaintiff's attorney, as an assignee, the Court must instead make the fee payable to Plaintiff as the litigant. *See Astrite v. Ratliff*, 560 U.S. 586, 593 (2010) (holding that EAJA fees are payable to the prevailing party and may be subject to offset to satisfy any pre-existing debt owed to the United States); *see also Johnson v. Colvin*, No. 4:11-CV-1599 AGF, 2013 WL 5567711, at *1 (E.D. Mo. Oct. 9, 2013) ("The Court understands *Ratliff* to require that the EAJA award be made directly to Plaintiff"); *Madison v. Astrue*, No. 4:11-CV-238-TIA, 2012 WL 2919135, at *1 (E.D. Mo. July 17, 2012) (providing award of attorney fees directly to the plaintiff despite the execution of an assignment agreement) (citing *Sumpter v. Astrue*, No. 2:10-CV-35-AGF, 2012 WL 88088, at *1 (E.D. Mo. Jan. 11, 2012)). The Court will direct, however, payment to be mailed to Plaintiff's attorney.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Christina Anderson's Petition for Award of Attorney Fees [ECF No. 26] is **GRANTED**.

**IT IS HEREBY ORDERED** that Defendant Commissioner of Social Security Administration shall pay attorney fees under the Equal Access Justice Act in the amount of Six Thousand Eight Hundred and Eighty-Three Dollars and Fifty-Five Cents ($6,883.55).

**IT IS FURTHER ORDERED** that said award shall be made payable to Plaintiff Christina Anderson and mailed to Plaintiff's attorney at 1215 Fern Ridge Parkway, Suite 101, St. Louis, Missouri 63141.

So Ordered this 6th day of December, 2021.

*/s/ Stephen R. Welby*
STEPHEN R. WELBY
UNITED STATES MAGISTRATE JUDGE